IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAMUEL JOSE REYNOSO-ACOSTA | : | No. 23-45 |

## MEMORANDUM

PRATTER, J.                                                                     MAY _____, 2024

Samuel Jose Reynoso-Acosta, who pled guilty to illegally reentering the United States after a prior deportation, has filed two pro se motions aimed at reducing his 30-month sentence. First, he has filed a Motion to Correct Sentence, requesting a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines, which modified how criminal history points are allocated under Section 4A1.1. Second, he has filed a Motion for Compassionate Release, requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by Amendment 814 of the Sentencing Guidelines. The Court denies both of Mr. Reynoso-Acosta's pro se motions.

### BACKGROUND

Mr. Reynoso-Acosta is a native and citizen of the Dominican Republic. In 2014, he pled guilty to grand theft in Florida. In 2016, following two years of incarceration, Mr. Reynoso-Acosta was deported.

Mr. Reynoso-Acosta re-entered the United States in 2021 and returned to Florida, where many of his family members, including his child, live. In February 2023, Mr. Reynoso-Acosta was charged with reentering the United States after a prior deportation, in violation of 8 U.S.C. §§ 1326(a) and (b). He pled guilty to this offense on March 14, 2023.

1

At sentencing in June 2023, because of his Florida convictions, Mr. Reynoso-Acosta had a criminal history category of V. He had 10 criminal history points and an offense level of 13, yielding a guideline range of 30 to 37 months' imprisonment. However, Mr. Reynoso-Acosta had immediately accepted responsibility and, in accordance with his plea agreement in this case, the Government moved for two-level downward departure pursuant to Sentencing Guidelines Section 5K3.1. With an adjusted offense level of 11 and a criminal history category V, the guideline range was 24 to 30 months. The Court sentenced Mr. Reynoso-Acosta to 30 months' imprisonment – a sentence that is within both ranges. His estimated release date is December 2024.

Mr. Reynoso-Acosta now seeks a sentence reduction pursuant to either 18 U.S.C. § 3582(c)(1) or § 3582(c)(2). The Court declines to modify Mr. Reynoso-Acosta's sentence.

## LEGAL STANDARD

18 U.S.C. § 3582(c) prescribes the limited circumstances in which a court may modify a term of imprisonment. Pursuant to Section 3582(c)(2), the Court:

> may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the Court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). At the time of Mr. Reynoso-Acosta's sentencing, the Sentencing Guidelines added two criminal history points to a defendant's criminal history score if the defendant committed the present offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines Manual § 4A1.1(d) (2015) (amended 2023). However, in November 2023, the Sentencing Commission amended this provision to read: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while

2

under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines Manual § 4A1.1(e) (2023). When the guidelines range applicable to a defendant is lowered by an amendment to the Sentencing Guidelines while the defendant is serving a term of imprisonment, the Court "may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." United States Sent'g Guidelines Manual § 1B1.10(a)(1) (2023).

The Supreme Court has prescribed a two-step process for district courts applying Section 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). At step one, the Court must ascertain "'the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting United States Sent'g Guidelines Manual § 1B1.10(b)(1) (2015)). At step two, the Court must consider any applicable factors from 18 U.S.C. § 3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Alternatively, pursuant to Section 3582(c)(1)(A), the Court may modify a previously imposed sentence if "extraordinary and compelling reasons warrant such a reduction," and the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a) support such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Extraordinary and compelling reasons include: an unusually long sentence, of which the defendant has served at least 10 years, United States Sent'g Guidelines Manual § 1B1.13(b)(6) (2023); advanced age combined with deteriorations in health, *id.* § 1B1.13(b)(2); and other reasons that are "similar in gravity," *id.* § 1B1.13(b)(5).

DISCUSSION

**I.      Section 3582(c)(2)**

Mr. Reynoso-Acosta is not eligible for a sentence reduction under Section 3582(c)(2) because he never received two additional criminal history points pursuant to Section 4A1.1(d). Although the Guidelines in effect at the time of his sentencing could have resulted in two additional criminal history points under the version of Section 4A1.1(d) then in effect, Mr. Reynoso-Acosta never received two additional criminal history points under that provision because he did not commit the present offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines Manual § 4A1.1(d) (2015). In other words, the Sentencing Guidelines applicable to Mr. Reynoso-Acosta were not affected by Amendment 821. Thus, because the amended guideline range that would be applicable to Mr. Reynoso-Acosta today is identical to the range that was applied at his sentencing, the Court need not move past step one of the inquiry outlined by the Supreme Court in *Dillon*.

The Court denies Mr. Reynoso-Acosta's motion for relief under 18 U.S.C. § 3582(c)(2).

**II.     Section 3582(c)(1)**

Mr. Reynoso-Acosta has not identified any "extraordinary and compelling reasons" for reducing his sentence under Section 3582(c)(1)(A)(i). He primarily argues that Guidelines Section 1B1.13(b)(6) furnishes such a reason. However, that provision only applies when a "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment." United States Sent'g Guidelines Manual § 1B1.13(b)(6) (2023). Mr. Reynoso-Acosta has not served ten years, and he will not serve ten years. Thus, this statutorily defined "extraordinary and compelling" reason does not apply to him.

Mr. Reynoso-Acosta has not demonstrated the existence of any other extraordinary and compelling reasons for a sentence reduction either. He is 32 years old. *Cf. id.* § 1B1.13(b)(2)

4

(requiring defendant to be "at least 65 years old"). Although Mr. Reynoso-Acosta characterizes his 30-month sentence as "extreme" and reports that he has been a "model inmate," Mot. for Compassionate Release at 10, Doc. No. 24, these statements are insufficient to demonstrate an extraordinary and compelling reason for reducing Mr. Reynoso-Acosta's sentence.

The Court denies Mr. Reynoso-Acosta's motion for relief under 18 U.S.C. § 3582(c)(1).

CONCLUSION

The Court denies both Mr. Reynoso-Acosta's pro se Motion to Correct Sentence and his pro se Motion for Compassionate Release. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE